UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID MCCARREN et al.,

      Plaintiffs,                        Case No. 23-cv-12135

v.                                        HON. MARK A. GOLDSMITH

PATRICIA FRESARD et al.,

      Defendants.
_____/

**OPINION & ORDER**
**DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Dkt. 27)**

This matter is before the Court on Plaintiffs' motion for reconsideration (Dkt. 27) of the Court's March 26, 2024 order dismissing Plaintiffs' complaint without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971) (Dkt. 23). For the reasons set forth below, the Court denies the motion.

**I. BACKGROUND**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs are a group of twelve inmates confined at the Wayne County Jail in Detroit, Michigan. Plaintiffs filed a joint civil rights complaint asserting constitutional claims related to alleged delays in Plaintiffs' criminal cases in the Third Circuit Court of Michigan (Dkt. 1). On February 27, 2024 the Court ordered Plaintiffs, within 14 days, to show cause as to why the case should not be dismissed without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971). See 2/27/24 Order (Dkt. 22). Having received no response to the show cause order by March 26, 2024, the Court entered an order that day dismissing Plaintiffs' claims without prejudice pursuant to Younger. See 3/26/24 Order.

After entering the March 26 order, the Court received Plaintiffs' response (Dkt. 25) to the Court's February 27 show-cause order. The docket shows that Plaintiffs' response to the show-cause order was docketed on the same day of the Court's order. On April 5, 2024, the Court entered an order regarding Plaintiffs' response (Dkt. 26). The order explained that the Court deemed Plaintiffs' response timely under the prison mailbox rule, but nonetheless concluded that the response did not "provide any persuasive basis for vacating the Court's prior dismissal of this case without prejudice pursuant to Younger." 4/5/24 Order at 2.

Plaintiffs now move for reconsideration of the Court's March 26 order dismissing Plaintiffs' complaint without prejudice pursuant to Younger.

## II. ANALYSIS

Under Rule 59(e), district court may alter or amend its judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Brumley v. UPS, 909 F.3d 834, 841 (6th Cir. 2018). "A Rule 59 motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (punctuation modified). To protect the judicial interest of finality, Rule 59 motions are "looked at with disfavor and are granted sparingly, typically only when the prior decision appears clearly to be legally or factually erroneous." Wade v. Franklin Cnty, No. 2:21-cv-305, 2024 WL 3163814, at *1 (S.D. Ohio June 25, 2024).

Although not entirely clear from their brief, Plaintiffs appear to argue that the Court's March 26 order dismissing the case without prejudice pursuant to Younger abstention doctrine warrants reconsideration because the order was based on a clear error of law. See Mot. at PageID.235–236. Specifically, Plaintiffs assert two bases for reconsideration: (i) that the March 26 order concluded wrongly that Plaintiffs failed to respond to the Court's February 27 show-cause

2

order (Dkt. 22), and (ii) that Plaintiffs' complaint asserts "extraordinary circumstances," which render dismissal under Younger inappropriate. Mot. at PageID.240. Neither ground warrants reconsideration of the Court's March 26 order.

As to the first ground, Plaintiffs correctly point out that the Court's March 26 Order stated that Plaintiffs had not timely responded to the Court's February 27 show-cause order. See 3/26/24 Order at 1. But the Court already addressed this issue in its April 5 order regarding Plaintiffs' response to the show-cause order (Dkt. 26):

> Although the response was entered well after the Court's 14-day deadline, it contains a certificate of service stating that Plaintiff Michael McCarren gave the response to a Wayne County deputy for placement in the U.S. mail on March 11, 2024. Resp. at PageID.214. Assuming that Plaintiffs' response was delivered to Wayne County Jail authorities for mailing on March 11, the response is deemed timely under the prison mailbox rule.

4/5/24 Order at 1–2. The Court further explained in that order that the response failed to "[p]rovide any persuasive basis for vacating the Court's prior dismissal of this case without prejudice pursuant to Younger." Id. at 2–3. Because Court did consider Plaintiffs' response to the February 27 show-cause order, that basis lacks merit.

Plaintiffs' second basis for reconsideration—that "extraordinary circumstances" make abstention inappropriate—also fails. The motion argues that issues related to the statute of limitations, the Wayne County Jail's alleged policy of "trying criminal defendant's (sic) out on bond and non-custody defendant's (sic) on tether," and Plaintiffs' delayed trial dates, are "extraordinary circumstances" that render abstention inappropriate. Mot. at PageID.242. In support of this argument, Plaintiffs cite Fellhauer v. King, No. 23-10776, 2023 WL 4046266, at *3 (E.D. Mich. June 15, 2023), which explains that "[a] district court deciding to abstain under Younger has the option of either dismissing the case without prejudice or holding the case in abeyance" based on factors such as the "the nature

3

of the state proceedings and consider whether a plaintiff will be able to address his federal claim on the merits in the state court proceeding."

Plaintiffs' argument is without merit. As an initial matter, Plaintiffs conflate the question of whether "extraordinary circumstances" exist such that a federal injunction is "necessary to prevent 'both great and immediate' irreparable injury," Fellhauer, 2023 WL 4046266, at *2 (quoting Younger, 401 U.S. at 45), with the distinct question of whether a court abstaining under Younger should either stay or dismiss the case without prejudice.[1] Plaintiffs' concerns related to the statute of limitations of their claims, or grievances regarding the manner in which their ongoing criminal cases in state court have proceeded are not the sort of "extraordinary circumstances" that render abstention inappropriate. See Branham v. Adair, 39 F. App'x 229, 231 (6th Cir. 2002) (affirming district court's abstention pursuant to Younger where the plaintiff had the opportunity to "raise constitutional challenges [that arose] during [his] criminal proceedings in Michigan either during trial or on appeal").

As the Court explained in its April 5 order, because Plaintiffs' claims touch on the important state interest of prosecuting and managing Plaintiffs' ongoing criminal cases, the Younger abstention doctrine applies. The arguments raised in Plaintiffs' motion for reconsideration do not warrant reconsideration of the Court's prior order dismissing this case without prejudice pursuant to Younger.

---

[1] Plaintiffs motion does not appear to request a stay in lieu of dismissal, but rather, asks the Court to "reopen" the case and "issue a preliminary injunction or temporary restraining order . . . putting and end to Def[endants'] Constitutional violations . . . ." Mot. at PageID.243.

## III. CONCLUSION

For the reasons set forth above, the Court denies Plaintiffs' motion for reconsideration (Dkt. 27).

SO ORDERED.

Dated: January 9, 2025  
      Detroit, Michigan

s/ Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge